UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHERYL A. RICHARD | : | |
| | : | |
| v. | : | C.A. No. 15-252M |
| | : | |
| CAROLYN W. COLVIN, Acting | : | |
| Commissioner, Social Security | : | |
| Administration | : | |

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

This matter is before the Court for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"), 42 U.S.C. § 405(g). Plaintiff filed her Complaint on June 19, 2015 seeking to reverse the decision of the Commissioner. On April 30, 2016, Plaintiff filed a Motion for Reversal of the Disability Determination of the Commissioner of Social Security. (Document No. 9). On June 30, 2016, the Commissioner filed a Motion for an Order Affirming the Decision of the Commissioner. (Document No. 12). Plaintiff filed a Reply Brief on July 14, 2016. (Document No. 13).

This matter has been referred to me for preliminary review, findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B); LR Cv 72. Based upon my review of the record, the parties' submissions and independent legal research, I find that there is not substantial evidence in this record to support the Commissioner's decision and findings that Plaintiff is not disabled within the meaning of the Act. Consequently, I recommend that the Commissioner's Motion (Document No. 12) be DENIED and that Plaintiff's Motion (Document No. 9) be GRANTED and that the case be remanded solely for calculation and award of benefits.

## I.      PROCEDURAL HISTORY

Plaintiff filed an Application for DIB on September 16, 2009 (Tr. 259-260) and SSI on October 1, 2009 (Tr. 252-258) alleging disability since May 2, 2008.  The Applications were denied initially on March 25, 2010 (Tr. 95-96) and on reconsideration on July 7, 2010.  (Tr. 97-98).  On August 16, 2010, Plaintiff requested an administrative hearing.  (Tr. 130-131).  On November 9, 2011, a hearing was held before Administrative Law Judge Hugh S. Atkins (the "ALJ") at which time Plaintiff, represented by counsel and a vocational expert ("VE") appeared and testified.  (Tr. 66-84).  The ALJ issued an unfavorable decision to Plaintiff on December 7, 2011.  (Tr. 99-111).  On May 16, 2013, the Appeals Council issued an Order remanding the case back to the ALJ.  (Tr. 117-120).  A second hearing was held before ALJ Atkins on November 5, 2013 (Tr. 40-64) at which time Plaintiff, represented by counsel, a VE and medical expert ("ME") appeared and testified.  The ALJ issued an unfavorable decision on January 8, 2014.  (Tr. 9-31).   The Appeals Council denied Plaintiff's Request for Review on April 20, 2015, therefore the ALJ's decision became final.  (Tr. 1-3).  A timely appeal was then filed with this Court.

## II.      THE PARTIES' POSITIONS

Plaintiff argues that the ALJ erred by failing to expressly and reasonably evaluate the opinion of the medical expert and the other medical evidence of record.

The Commissioner disputes Plaintiff's claims and asserts that the ALJ properly considered the medical opinions and that substantial evidence supports his RFC finding and non-disability determination.

### III.      THE STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  Ortiz v. Sec'y of Health and Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam); Rodriguez v. Sec'y of Health and Human Servs., 647 F.2d 218, 222 (1st Cir. 1981).

Where the Commissioner's decision is supported by substantial evidence, the court must affirm, even if the court would have reached a contrary result as finder of fact.  Rodriguez Pagan v. Sec'y of Health and Human Servs., 819 F.2d 1, 3 (1st Cir. 1987); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991).  The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  Frustaglia v. Sec'y of Health and Human Servs., 829 F.2d 192, 195 (1st Cir. 1987); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

The court must reverse the ALJ's decision on plenary review, however, if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law.  Nguyen v. Chater, 172 F.3d  31, 35 (1st Cir. 1999) (per curiam); accord Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991).  Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled.  Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001) citing, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985).

The court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences.  Seavey, 276 F.3d at 8.  To remand under sentence four, the court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim.  Id.; accord Brenem v. Harris, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow her to explain the basis for her decision.  Freeman v. Barnhart, 274 F.3d 606, 609-610 (1st Cir. 2001).  On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence.  Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council).  After a sentence four remand, the court enters a final and appealable judgment immediately, and thus loses jurisdiction.  Freeman, 274 F.3d at 610.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court...may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g).  To remand under sentence six, the claimant must establish: (1) that there is new, non-cumulative evidence; (2) that the evidence is material, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause

for failure to submit the evidence at the administrative level.  See Jackson v. Chater, 99 F.3d 1086, 1090-1092 (11th Cir. 1996).

A sentence six remand may be warranted, even in the absence of an error by the Commissioner, if new, material evidence becomes available to the claimant.  Id.  With a sentence six remand, the parties must return to the court after remand to file modified findings of fact.  Id. The court retains jurisdiction pending remand, and does not enter a final judgment until after the completion of remand proceedings.  Id.

IV.     THE LAW

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505.  The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy.  42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

A.     Treating Physicians

Substantial weight should be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise.  See Rohrberg v. Apfel, 26 F. Supp. 2d 303, 311 (D. Mass. 1998); 20 C.F.R. § 404.1527(d).  If a treating physician's opinion on the nature and severity of a claimant's impairments, is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight.  20 C.F.R. § 404.1527(d)(2).  The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported

by objective medical evidence or is wholly conclusory.  See Keating v. Sec'y of Health and Human

Servs., 848 F.2d 271, 275-276 (1st Cir. 1988).

Where a treating physician has merely made conclusory statements, the ALJ may afford them

such weight as is supported by clinical or laboratory findings and other consistent evidence of a

claimant's impairments.  See Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986).  When a

treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh

the medical opinion based on the (1) length of the treatment relationship and the frequency of

examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence

supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the medical

conditions at issue; and (6) other factors which tend to support or contradict the opinion.  20 C.F.R

§ 404.1527(d).  However, a treating physician's opinion is generally entitled to more weight than

a consulting physician's opinion.  See 20 C.F.R. § 404.1527(d)(2).

The ALJ is required to review all of the medical findings and other evidence that support a

medical source's statement that a claimant is disabled.  However, the ALJ is responsible for making

the ultimate determination about whether a claimant meets the statutory definition of disability.  20

C.F.R. § 404.1527(e).  The ALJ is not required to give any special significance to the status of a

physician as treating or non-treating in weighing an opinion on whether the claimant meets a listed

impairment, a claimant's residual functional capacity (see 20 C.F.R. §§ 404.1545 and 404.1546),

or the application of vocational factors because that ultimate determination is the province of the

Commissioner.  20 C.F.R. § 404.1527(e).  See also Dudley v. Sec'y of Health and Human Servs.,

816 F.2d 792, 794 (1st Cir. 1987).

**B.** **Developing the Record**

The ALJ has a duty to fully and fairly develop the record.   Heggarty v. Sullivan, 947 F.2d 990, 997 (1ˢᵗ Cir. 1991).  The Commissioner also has a duty to notify a claimant of the statutory right to retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right if counsel is not retained.  See 42 U.S.C. § 406; Evangelista v. Sec'y of Health and Human Servs., 826 F.2d 136, 142 (1ˢᵗ Cir. 1987).  The obligation to fully and fairly develop the record exists if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel.  Id.  However, where an unrepresented claimant has not waived the right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty.  See Heggarty, 947 F.2d at 997, citing Currier v. Sec'y of Health Educ. and Welfare, 612 F.2d 594, 598 (1ˢᵗ Cir. 1980).

**C.** **Medical Tests and Examinations**

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled.  20 C.F.R. § 416.917; see also Conley v. Bowen, 781 F.2d 143, 146 (8ᵗʰ Cir. 1986).   In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the ALJ to render an informed decision.  Carrillo Marin v. Sec'y of Health and Human Servs., 758 F.2d 14, 17 (1ˢᵗ Cir. 1985).

**D.** **The Five-step Evaluation**

The ALJ must follow five steps in evaluating a claim of disability.  See 20 C.F.R. §§ 404.1520, 416.920.  First, if a claimant is working at a substantial gainful activity, she is not

disabled.  20 C.F.R. § 404.1520(b).  Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled.  20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled.  20 C.F.R. § 404.1520(d).  Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled.  20 C.F.R. § 404.1520(e).  Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f).  Significantly, the claimant bears the burden of proof at steps one through four, but the Commissioner bears the burden at step five.  Wells v. Barnhart, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (five-step process applies to both SSDI and SSI claims).

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments, and must consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B).  Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).

The claimant bears the ultimate burden of proving the existence of a disability as defined by the Social Security Act.  Seavey, 276 F.3d at 5.  The claimant must prove disability on or before the last day of her insured status for the purposes of disability benefits.  Deblois v. Sec'y of Health and Human Servs., 686 F.2d 76 (1st Cir. 1982), 42 U.S.C. §§ 416(i)(3), 423(a), (c).  If a claimant

becomes disabled after she has lost insured status, her claim for disability benefits must be denied despite her disability.  Id.

### E.     Other Work

Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy.  Seavey, 276 F.3d at 5.  In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant.  Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989).  This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines (the "grids").  Seavey, 276 F.3d at 5.  Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional factors.  Id.; see also Heckler v. Campbell, 461 U.S. 458, 103 S. Ct. 1952, 76 L.Ed.2d 66 (1983) (exclusive reliance on the grids is appropriate in cases involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements).

Exclusive reliance is not appropriate when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills.  Nguyen, 172 F.3d at 36.  In almost all of such cases, the Commissioner's burden can be met only through the use of a vocational expert.  Heggarty, 947 F.2d at 996.  It is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy.  See Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981).  In any event, the ALJ must make a specific finding as to whether the non-

exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.

### 1.    Pain

"Pain can constitute a significant non-exertional impairment."  Nguyen, 172 F.3d at 36. Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment which could reasonably be expected to produce the pain or symptoms alleged.  42 U.S.C. § 423(d)(5)(A).  The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence.  20 C.F.R. § 404.1528.  In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the First Circuit's six-part pain analysis and consider the following factors:

(1)    The nature, location, onset, duration, frequency, radiation, and intensity of any pain;

(2)    Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);

(3)    Type, dosage, effectiveness, and adverse side-effects of any pain medication;

(4)    Treatment, other than medication, for relief of pain;

(5)    Functional restrictions; and

(6)    The claimant's daily activities.

-10-

Avery v. Sec'y of Health and Human Servs., 797 F.2d 19, 29 (1st Cir. 1986).  An individual's statement as to pain is not, by itself, conclusive of disability.  42 U.S.C. § 423(d)(5)(A).

### 2.    Credibility

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding.  Rohrberg, 26 F. Supp. 2d at 309.  A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record.  See Frustaglia, 829 F.2d at 195.  The failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true.  See DaRosa v. Sec'y of Health and Human Servs., 803 F.2d 24 (1st Cir. 1986).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case.  See Smallwood v. Schweiker, 681 F.2d 1349, 1352 (11th Cir. 1982).  If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding."  Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983)).

## V.    APPLICATION AND ANALYSIS

### A.    The ALJ's Decision

The ALJ decided this case adverse to Plaintiff at Step 4.  At Step 2, the ALJ determined that Plaintiff's affective and anxiety disorders, schizoaffective psychosis, polysubstance abuse in remission, and degenerative disc disease were "severe" impairments as defined in 20 C.F.R. §§ 404.1520(c) and 416.920(c).  (Tr. 15).  However, at Step 3, the ALJ did not find that these

impairments, either singly or in combination, met or medically equaled any of the Listings.  (Tr. 15-17).  As to RFC, the ALJ found that Plaintiff had the RFC to perform medium work with certain postural and other nonexertional limitations.  (Tr. 18).  Based on this RFC and testimony from the VE, the ALJ found at Step 4 that Plaintiff could perform her past relevant work as a receptionist, and thus was not disabled.  (Tr. 29-31).  The ALJ also made an alternative Step 5 finding of no disability.  (Tr. 31).

**B.**    **The ALJ Did Not Fully and Fairly Consider Dr. Ruggiano's Expert Testimony**

Plaintiff contends that the ALJ erred by failing to expressly and reasonably evaluate the expert opinion of Dr. Ruggiano.  I agree.

This case was originally decided by the ALJ on December 7, 2011.  The ALJ had retained Dr. Ruggiano, a psychiatrist, to testify at the 2011 hearing.  (Tr. 176).  For reasons not contained in the record, Dr. Ruggiano did not testify.  The ALJ ruled against Plaintiff, and she sought relief from the Appeals Council. (Tr. 196-197).  Plaintiff's counsel observed at the time that the ALJ originally recognized the need for a psychiatric medical expert and that it "seems manifestly unfair" for the ALJ to proceed without the expert and make his own medical judgment about Plaintiff's level of impairment.  Id.

On May 16, 2013, the Appeals Council vacated the ALJ's 2011 hearing decision and remanded for further proceedings.  (Tr. 118-120).  Accordingly, a second hearing was held on November 5, 2013.  (Tr. 40-64).  Dr. Ruggiano was again engaged to appear as a medical expert.  (Tr. 233).  The notice advised Dr. Ruggiano that he may be asked to testify on a number of topics including whether Plaintiff meets one of the Listings.  (Tr. 234).

Dr. Ruggiano testified at the hearing.  (Tr. 57-60).  He responded to a handful of questions from the ALJ about the medical records and Plaintiff's diagnosis.  Id.  The ALJ did not ask Dr. Ruggiano if Plaintiff met any of the Listings.  Id.

Plaintiff's counsel then asked Dr. Ruggiano a single question – "Would she meet the Listing for 12.04?" (Tr. 59).  Dr. Ruggiano testified that Plaintiff meets the elements of Listing 12.04.  Id.[1] Rather than ask any follow-up or clarifying questions to Dr. Ruggiano, the ALJ addressed Plaintiff's counsel and stated "You realize I'm not bound by that." (Tr. 60).  While Plaintiff's counsel did not directly dispute that statement, he advocated for his client and stated that "it seems there is medical support for it at this point." Id.  Thereafter, the brief exchange deteriorated and the transcript suggests some animosity.  Id.  While it is difficult to accurately evaluate the tenor on a black and white transcript, it reasonably appears that the ALJ took offense to the responsive comments of Plaintiff's counsel.

Plaintiff's counsel asked a completely appropriate question of Dr. Ruggiano.  He asked Dr. Ruggiano for his opinion as to whether Plaintiff met Listing 12.04 – a question which was not asked by the ALJ and which was within the scope of Dr. Ruggiano's engagement as an expert witness. See Tr. at p. 234.  The ALJ's comment on the law to Plaintiff's counsel served no purpose, as the ALJ was not tasked with ruling on Plaintiff's claim at the hearing.[2]

---

[1]  The Commissioner concedes that Dr. Ruggiano testified that "Plaintiff had marked impairment in social functioning and concentration, and therefore met the criteria for Listing 12.04 (Tr. 59)." (Document No. 12-1 at p. 9). The Commissioner also concedes that Dr. Ruggiano's opinion was consistent with the opinions of Plaintiff's treating psychiatric nurses that Plaintiff had extreme mental limitations. Id. at p. 11.

[2]  The Commissioner offers no rationale for the statement in her brief and completely fails to respond to Plaintiff's argument that the ALJ "lost his temper and [she] lost any chance she might have had at a fair hearing." (Document No. 9-1 at p. 15).

I agree with Plaintiff's counsel that substantial evidence does not support the ALJ's rejection of Dr. Ruggiano's opinion.  His opinion was consistent with Plaintiff's testimony, the treatment notes and the treating source opinions of Plaintiff's psychiatric nurses.  The ALJ concludes that "Dr. Ruggiano did not present a thorough explanation based on relevant evidence and medical findings to support his opinion." (Tr. 27).  However, the ALJ asked Dr. Ruggiano only a limited number of questions about the medical records and did not ask him to opine on the validity of the treating source opinions, the degree of Plaintiff's mental limitations or whether she met a Listing.  Further, after Dr. Ruggiano opined in response to counsel's query that Plaintiff met Listing 12.04, the ALJ did not ask him any follow-up questions seeking a more thorough explanation of his opinion.  Thus, it is unreasonable to fault Dr. Ruggiano for failing to explain the basis for his opinion when he was never asked to do so.  The ALJ did not properly develop the record and had no reasonable basis upon which to reject Dr. Ruggiano's unequivocal expert opinion that Plaintiff met Listing 12.04.[3]

As to relief, Plaintiff's primary argument is that this matter should be remanded for a finding of disability and an award of benefits.  (Document No. 9-1 at pp. 28-29).  While the Commissioner disputes any reversible error, it argues in the alternative that remand for benefits is not warranted in this case due to the existence of conflicting evidence.  (Document No. 12-1 at p. 14, n.4).

Pursuant to 42 U.S.C. § 405(g), this Court has the authority to reverse the Commissioner's decision and to either (1) award benefits; or (2) remand for further proceedings.  See Larlee v. Astrue, 694 F. Supp. 2d 80, 86 (D. Mass. 2010).  A remand to award benefits is rare and generally limited to cases where "the underlying facts and law are such that the agency has no discretion to

---

[3]  Although Dr. Ruggiano's 2013 opinion is contradicted by the 2010 opinions of the non-examining psychologists, Dr. Ruggiano had the benefit of the subsequent treatment records and treating source opinions.

act in any manner other than to award or to deny benefits." Perry v. Colvin, 91 F. Supp. 3d 139, 153 (D. Mass. 2015). "Where legal error clarifies the record such that awarding benefits is the clear outcome, the court may order payment." Id.; see also Seavey v. Barnhart, 276 F.3d 1, 13 (1st Cir. 2001) (recognizing the "equitable power to order benefits in cases where the entitlement is not totally clear, but the delay involved in repeated remands has become unconscionable.").

Here, I conclude that a remand solely for the calculation and payment of disability payments is warranted and I so recommend. This case was initiated with disability applications filed by Plaintiff in 2009. The first ALJ hearing was held in 2011. As previously noted, Dr. Ruggiano was engaged to appear and testify at the first hearing but did not do so. Plaintiff was denied benefits on December 7, 2011 and appealed. On May 16, 2013, the Appeals Council vacated the 2011 denial and remanded the case for a second hearing. The second hearing was held on November 5, 2013. Dr. Ruggiano appeared at that hearing as a psychiatric expert and testified that Plaintiff met the requirements of disability pursuant to Listing 12.04. Despite the opinion of Dr. Ruggiano, the ALJ ruled against Plaintiff on January 8, 2014. Plaintiff again appealed. It is now 2016, and I conclude that the ALJ committed reversible error in his evaluation of Dr. Ruggiano's opinion. At this point, given the clear expert opinion of Dr. Ruggiano, its consistency with the treatment records, and the passage of time resulting from repeated remands, I recommend that the case be remanded solely for calculation and award of benefits. A further remand at this point would serve no legitimate purpose and would be inequitable.

## VI.    CONCLUSION

For the reasons discussed herein, I recommend that the Commissioner's Motion (Document No. 12) be DENIED and that Plaintiff's Motion (Document No. 9) be GRANTED and that the case be remanded solely for calculation and award of benefits.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt.  <u>See</u> Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  <u>See</u> <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).


   /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
August 2, 2016